**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| WHC MD, LLC, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. CJC-24-1618 |
| TRANSDEV NORTH AMERICA, INC., | * | |
| Defendant. | * | |

**MEMORANDUM OPINION**

Before the Court are two motions: a Motion for Leave to File Amended Answer and Affirmative Defenses and Counterclaim (the "Motion for Leave") filed by Defendant Transdev North America, Inc. ("Transdev"), and Plaintiff WHC MD, LLC's ("WHC") Motion to File Under Seal Exhibit A to Its Opposition to Transdev's Motion for Leave (the "Motion to Seal"). ECF Nos. 69, 75. The motions are ripe, and no hearing is necessary. Loc. R. 105.6 (D. Md. 2025). For the reasons explained below, the Court grants the Motion for Leave and directs the parties to provide a modified schedule setting out deadlines for conducting limited discovery on Transdev's affirmative defense and claim for reformation based on mutual mistake and briefing cross-motions for summary judgment. The Court denies as moot the Motion to Seal.

**FACTUAL BACKGROUND**

This dispute is about whether WHC or Transdev owes amounts due pursuant to several contracts with the Baltimore City Board of School Commissioners (the "Board"). Specifically, this case involves four contracts: (1) the Professional Services Agreement (the "PSA"), (2) the Promissory Note, (3) the Asset Purchase Agreement (the "APA"), and (4) an Amended and

Restated Asset Purchase Agreement (the "Amended APA"). *See* ECF No. 1 ¶¶ 12–14.[1] The Court reviews each contract below.

The PSA went into effect in 2014. ECF No. 1-1 at 2.[2] Under the PSA, a subsidiary of Transdev[3] agreed to operate taxicab services in Baltimore in exchange for payment by the Board. ECF No. 1-1 at 2–3; *see* ECF No. 1-4 at 141, Recital C. During the life of the PSA, the Board overpaid Transdev's subsidiary more than $1 million. ECF No. 1 ¶ 19; ECF No. 17 at 23 ¶ 8; ECF No. 1-2 at 2.

The Promissory Note was created to address the Board's overpayments. ECF No. 1 ¶ 19; ECF No. 17 at 23 ¶ 8. Under the Promissory Note, Transdev's subsidiary agreed to pay back the more than $1 million in overpayments owed to the Board. ECF No. 1-2 at 2.

WHC and Transdev executed the APA on July 1, 2019, and executed the Amended APA on August 16, 2019. ECF No. 1-3 at 2, 23; ECF No. 1-4 at 2, 23. Pursuant to the APA and Amended APA, WHC agreed to purchase some of Transdev's subsidiary's assets and liabilities related to its taxicab services in Baltimore. ECF No. 1 ¶ 13; ECF No. 17 at 23 ¶¶ 10–11. Transdev was a guarantor under the APA and Amended APA. ECF No. 1-3 at 23; ECF No. 1-4 at 23.

The parties' dispute centers on who owes the money under the Promissory Note. WHC alleges that the Amended APA requires Transdev, as a guarantor, to pay the amount due under

---

[1] The facts are drawn from the parties' pleadings and the exhibits attached to the pleadings. *See Green v. AMF Bowling Centers, Inc.*, Civil Action No. ELH-19-1410, 2020 WL 6204297, at *1 n.4 (D. Md. Oct. 21, 2020) (drawing factual background from plaintiff's complaint on review of a motion to amend).

[2] Citations to the parties' filings refer to the page number provided in the CM/ECF filing header, not the PDF pagination.

[3] The subsidiary was The Yellow Cab Company, Inc. ECF No. 1-1 at 2.

the Promissory Note. ECF No. 1 ¶¶ 16–17. On the other hand, Transdev alleges that the APA and Amended APA assigned WHC the amount due under the Promissory Note. ECF No. 17 at 24–25 ¶¶ 15–21.

**PROCEDURAL HISTORY**

WHC filed its Complaint on June 4, 2024. ECF No. 1. On July 12, 2024, Transdev answered the complaint and asserted several counterclaims. ECF No. 17.

On July 30, 2024, the Court issued its Scheduling Order, which included a September 13 deadline for amending pleadings. ECF No. 21 at 2. The Court directed the parties to report whether they would like changes to the deadlines set therein. ECF No. 21-2. In response, the parties moved to postpone all discovery deadlines until Transdev's motion for judgment on the pleadings was resolved. ECF No. 27. The Court granted the motion on August 14, 2024. ECF No. 34.

On October 4, 2024, the Court stayed the case pending resolution of a parallel state action. ECF No. 43. On May 20, 2025, the Court lifted the stay and directed the parties to submit a proposed amended scheduling order. ECF No. 46.

After the parties filed their proposed amended scheduling orders, ECF Nos. 47, 61, the Court entered a Second Amended Scheduling Order, ECF No. 62. The Second Amended Scheduling Order did not set a deadline for amending pleadings. ECF No. 62.[4]

On January 30, 2026, Transdev filed the Motion for Leave. ECF No. 69. On February 13, WHC filed its response. ECF No. 74. Transdev filed its reply on February 27. ECF No. 77.

---

[4] The deadlines in the Second Amended Scheduling Order have been modified several times. ECF Nos. 68, 73. On February 12, 2026, the Court extended the deadline for fact discovery to March 6 and extended the deadline for filing dispositive pretrial motions to March 27. ECF No. 73. The deadline for filing dispositive pretrial motions was later stayed pending the resolution of the instant Motion for Leave. ECF No. 81.

WHC filed its Motion to Seal on February 13, 2026. ECF No. 75.

**LEGAL STANDARD**

If a party moves to amend after the deadline for amending pleadings has passed, the party must satisfy the requirements of Rule 16(b)(4) of the Federal Rules of Civil Procedure. *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008). Rule 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The movant bears the burden to establish good cause. *See Nourison*, 535 F.3d at 298–99.

"[I]f the moving party demonstrates good cause pursuant to Rule 16(b)(4), the movant must then 'satisfy the liberal standard of Fed. R. Civ. P. 15(a).'" *Terran Biosciences, Inc. v. Compass Pathfinder Ltd.*, Civil Action No. ELH-22-1956, 2025 WL 3703816, at *19 (D. Md. Dec. 19, 2025) (citation omitted). Under Rule 15(a), "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts in the Fourth Circuit "liberally allow amendment in keeping with the spirit" of Rule 15(a). *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010).

Transdev suggests that it need not satisfy Rule 16(b)(4) because the Court's Second Amended Scheduling Order did not set a deadline for amending pleadings. ECF No. 69-1 at 4; ECF No. 62. Courts have adopted various approaches to determine when Rule 16(b)(4) applies if a scheduling order omits a deadline for amending pleadings. Some courts have flatly found that a movant need not satisfy the requirements of Rule 16(b)(4) if the court omits a deadline to amend. *See, e.g.*, *Whitaker v. Protective Life Ins. Co.*, No. CV 6:10-2314-TMC, 2014 WL 12736154, at *1–2 (D.S.C. Nov. 12, 2014) (finding defendant need only satisfy the Rule 15(a) standard because "the amended scheduling order … did not include a deadline to file amended

pleadings"); *In re: Facebook Priv. Litig.*, No. 10-CV-02389-RMW, 2015 WL 2453734, at *4 (N.D. Cal. May 22, 2015). Other courts have determined that even if a court omits a deadline to amend in a scheduling order, "Rule 16 may still apply 'where the record contains some indication that the court and the parties understood that the pleadings would not be further amended.'" *Recio v. D'Almonte Enters. Parking Garage, Inc.*, No. 22CIV6153RAGS, 2024 WL 1433710, at *4 (S.D.N.Y. Apr. 3, 2024) (citation omitted). The Court need not resolve this question here, however. Assuming, without deciding, that Rule 16(b)(4) applies in this case, Transdev satisfies its requirements, as discussed below. *See Person v. Progressive Logistics Servs., LLC*, No. 1:05-CV-150, 2005 WL 8162319, at *2 (E.D. Tenn. Dec. 16, 2005) (finding that plaintiff satisfied the requirements of Rule 16(b) without deciding whether it applied).

## DISCUSSION

The Court analyzes the Motion for Leave before addressing the Motion to Seal.

## I.      The Motion for Leave is Granted.

In its Proposed Amended Answer and Affirmative Defenses and Counterclaim, ECF Nos. 69-2, 69-3, Transdev offers three substantive changes to its pleadings. First, Transdev removes claims for promissory estoppel, unjust enrichment, and fraud that were previously asserted against WHC. ECF No. 69-2 at 43–47. Second, Transdev adds the affirmative defense of mutual mistake and adds a cause of action for reformation of the Amended APA based on mutual mistake. ECF No. 69-2 at 26 ¶ 4, 43–44 ¶¶ 69–73, 48 ¶ 3. Finally, Transdev adds factual allegations that support its mutual mistake and other claims. *E.g.*, ECF No. 69-2 at 33–35 ¶¶ 25–36.

WHC argues that these amendments cannot satisfy the requirements of either Rule 16 or Rule 15. ECF No. 74 at 14, 17. The Court addresses each rule in turn.

A.        **Transdev has demonstrated good cause under Rule 16.**

WHC claims that Transdev does not have good cause to modify the schedule to amend its pleadings. ECF No. 74 at 14. In particular, WHC contends Transdev's attempt to add a mutual mistake affirmative defense and cause of action lacks good cause. *See* ECF No. 74 at 11, 14. "The touchstone of Rule 16(b)(4)'s good cause requirement is diligence." *Terran*, 2025 WL 3703816, at *18 (citation modified). A movant acts diligently "where at least some of the evidence needed for a [movant] to prove his or her claim did not come to light until after the amendment deadline" and the movant seeks leave to amend soon after. *Id.* (citation modified).

The evidence needed to allege Transdev's mutual mistake claim did not come to light until after the amendment deadline, and Transdev acted diligently to file the Motion for Leave after the evidence was discovered. Transdev did not become aware of the facts that gave rise to the mutual mistake claim until December 18, 2025, when WHC produced an email showing a potential basis for such a claim. ECF No. 69-1 at 6–7. On January 23 and 26, Transdev took depositions of the two individuals, Terry Oates and Greg Hall, who corresponded in that email; Transdev then filed the Motion for Leave on January 30. ECF No. 69-1 at 7. Given that Transdev moved for leave to amend a little more than one month after discovering evidence supporting a mutual mistake claim and, additionally, did so only one week after deposing the individuals who had knowledge of the evidence, Transdev acted diligently to amend its pleadings.

WHC argues that Transdev was not diligent because the email that is the basis for the mutual mistake claim, and the two individuals copied on it, Oates and Hall, were so closely affiliated with Transdev that Transdev should have discovered the evidence earlier. ECF No. 74 at 10, 16. The Court disagrees. As Transdev represents, the email in question was transferred from Transdev to WHC as part of the APA at the center of this case, leaving WHC as the party

in control of the evidence giving rise to the amendment. ECF No. 77 at 3–4. Additionally, Oates and Hall were not in a position to reveal the evidence to Transdev prior to December 2025. Oates, once an employee of Transdev, became an employee of WHC by August 2019, five years prior to the start of this litigation. ECF No. 77 at 4. Discovery revealed that Hall, Transdev's former outside counsel, had neither possession nor recollection of the email in question. *See* ECF No. 77 at 4. For these reasons, Transdev had no reason to know of the email prior to WHC producing it in discovery, and Transdev diligently sought leave to amend thereafter.

Because Transdev acted diligently to amend its pleadings after discovering the evidence giving rise to its mutual mistake claim, Transdev has demonstrated good cause under Rule 16.

**B.**     **Justice requires that the Court grant Transdev leave to amend under Rule 15(a).**

WHC claims that Transdev cannot satisfy the requirements of Rule 15(a). ECF No. 74 at 17. Under the liberal standard of Rule 15(a), Courts presume that leave to amend should be granted unless the non-movant meets their burden to prove one of three exceptions: prejudice to the nonmovant, bad faith, or futility. *United States ex rel. Nicholson v. MedCom Carolinas, Inc.*, 42 F.4th 185, 197 (4th Cir. 2022); *Hardwire, LLC v. Ebaugh*, Civil Action No. JKB-20-0304, 2021 WL 3809078, at *11 (D. Md. Aug. 26, 2021). WHC contends that it would be prejudiced by the amendment and that the amendment is futile. ECF No. 74 at 17, 21. The Court turns to those two exceptions, below.

**1.**     **WHC has not met its burden to establish that it would be prejudiced by the amendment.**

WHC contends that it would suffer prejudice from Transdev's amendment. ECF No. 74 at 17. The Court looks to "the nature of the amendment and its timing" to determine whether an amendment is prejudicial. *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006). "The Fourth

Circuit offer[s] a spectrum to consider: at one end, amendment is plainly prejudicial if it asserts a new legal theory implicating new facts shortly before trial, and at the other end, amendment is not prejudicial if it asserts a new legal theory not implicating new facts before discovery has even occurred." *Jet Sys., LLC v. J.F. Taylor, Inc.*, Civil Action No. DKC-24-1628, 2025 WL 3227347, at *2 (D. Md. Nov. 19, 2025).

The nature of the amendment indicates that it is not prejudicial to WHC. While Transdev's proposed pleadings add the theory of mutual mistake as an affirmative defense and as a claim, this theory, and the facts on which it is based, is simply a variation of Transdev's original theory of the case: that WHC has always been liable to pay the Promissory Note. The new evidence involves two individuals who emailed each other about the particular language that should be drafted into Section 5.15 of the APA; Transdev contends that this evidence demonstrates the parties' intent to hold WHC liable for payments on the Promissory Note. ECF Nos. 69-2 at 33 ¶ 26, 69-1 at 6–7. Thus, Transdev's mutual mistake theory reaches the same conclusion as its other legal claims—that WHC is liable for the payments on the Promissory Note—and does so through facts that are closely tied to Transdev's original theory of the case and that are limited in scope. For these reasons, the nature of the amendment, on balance, does not prejudice WHC.

WHC contends that the timing of the amendment will prejudice WHC by requiring extended discovery, by necessitating a "reworking of WHC's dispositive motions strategy," and by delaying the resolution of the case. ECF No. 74 at 17–18, 20. The Court is unpersuaded by these contentions. First, given that Transdev has stated that it is amenable to an extension of discovery limited to the proposed amendments, *see* ECF No. 77 at 9–10, the Court will permit the parties to conduct such discovery to cure any alleged prejudice. Second, WHC's need to

adjust its dispositive motions strategy is irrelevant because "[t]his court has repeatedly held that the time, effort, and money ... expended in litigating [a] case do not constitute substantial prejudice weighing against leave to amend." *J.A. v. Abreu*, Civil Action No. JRR-23-2922, 2025 WL 1284534, at *2 (D. Md. May 2, 2025) (citation modified) (collecting cases). Third, WHC's remaining argument premised on delay fails because the Fourth Circuit has made clear that "[d]elay alone is not enough to deny leave to amend." *Nicholson*, 42 F.4th at 197.[5] Therefore, absent any substantial burden that WHC will suffer, the timing of the amendment does not prejudice WHC.

Because neither the nature nor the timing of Transdev's amendments are prejudicial, WHC has not met its burden to establish prejudice.

**2.      WHC has not met its burden to establish that the amendment is futile.**

WHC argues that Transdev's proposed amendment adding mutual mistake as a claim and affirmative defense is futile. ECF No. 74 at 21. "A proposed amendment is futile if it is 'clearly insufficient or frivolous on its face' or 'if the [proposed amended] complaint fails to withstand Rule 12(b)(6) scrutiny.'" *Fidelis Cybersecurity, Inc. v. Partner One Cap., Inc.*, Civil Action No. BAH-23-2196, 2024 WL 712499, at *4 (D. Md. Feb. 20, 2024) (quoting *In re Triangle Cap. Corp. Sec. Litig.*, 988 F.3d 743, 750 (4th Cir. 2021)). Because Transdev states a claim to mutual mistake, the Court need not address the less stringent standard of frivolity.

Under Federal Rule of Civil Procedure 12(b)(6), a litigant may move to dismiss a pleading if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To determine whether a pleading survives a Rule 12(b)(6) motion, the court separates the

---

[5] In any event, any remaining discovery that addresses Transdev's amended claims and defenses shall be limited in scope such that the parties will not suffer prejudice from delays.

complaint's legal conclusions from its factual allegations. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011). The court then accepts the pleading's factual allegations as true and draws all reasonable inferences from the facts in favor of the nonmovant to determine whether the nonmovant is entitled to the legal remedy sought. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011). When, as here, the nonmovant alleges a theory of mistake, the nonmovant "must state with particularity the circumstances constituting … mistake. Malice, *intent*, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b) (emphasis added).

To state a claim to mutual mistake, a litigant must plead that "there has been a meeting of the minds—and an agreement actually entered into, but the instrument, in its written form, does not express what was intended by the parties thereto." *Kishter v. Seven Cts. Cmty. Ass'n, Inc.*, 96 Md. App. 636, 640 (1993) (citation omitted); *see Sumpter v. Pennsylvania Nat'l Mut. Cas. Ins. Co.*, Civil Action No. DLB-19-3270, 2020 WL 7043860, at *10-11 (D. Md. Dec. 1, 2020) (applying rule in *Kishter* to find that plaintiff stated claim to mutual mistake). Here, Transdev has stated a claim to mutual mistake. In its Proposed Amended Counterclaim, Transdev pleads that, on the day the APA was executed, individuals involved in drafting Section 5.15 of the APA were attempting to define the incomplete terms that would subject WHC to liability for payment of the Promissory Note. ECF No. 69-3 at 26–27 ¶¶ 27–28. Transdev pleads that "[i]t was the intent of both WHC and Transdev that the [Board] contract named in Section 5.15 … be whichever PSA was in full force and effect at the time the APA and [Amended APA] were executed," but that, at the time of execution of the APA, no PSA had been finalized. ECF No. 69-3 at 26–27 ¶¶ 26, 29. Further, Transdev pleads that WHC's conduct in "ma[king] 11 payments to [the Board] pursuant to … Section 5.15, and later explicitly acknowledg[ing] its

obligation to pay on the Promissory Note as late as March 2022" evidence a mutual mistake in drafting Section 5.15. ECF No. 69-3 at 33 ¶ 73. Assuming these pleadings to be true, they suggest that the parties intended to require WHC to make payments under the promissory note based on a PSA that was, or would later be, in effect, and that the parties made a mistake by failing to specify such language in Section 5.15. This is sufficient for Transdev to state a plausible, particularized claim to mutual mistake.

Because WHC has failed to establish that it would be prejudiced by Transdev's amendment or that the amendment would be futile, justice requires that the Court grant Transdev leave to amend under the liberal standard of Rule 15(a).

Transdev has demonstrated good cause to amend its pleadings, and justice requires Transdev be given leave to amend. Accordingly, the Court grants Transdev's Motion for Leave.

## II.    The Motion to Seal is Denied as Moot.

Pursuant to the parties' Stipulated Confidentiality Order, WHC moved to seal Exhibit A of its response in opposition to the Motion for Leave. ECF Nos. 66, 75. Exhibit A is the deposition transcript of Transdev's corporate representative, and WHC sought to seal the transcript "to give Transdev the opportunity to determine whether it would be appropriate to designate the transcript as 'Confidential.'" ECF No. 75 at 1. After WHC filed the Motion to Seal, Transdev filed its reply to the Motion for Leave in which it attached portions of the same transcript without designating it confidential. ECF No. 77-3. Because Transdev filed the transcript without designating it as confidential, the Court agrees with the parties that WHC's request to file it under seal is moot. *See* ECF No. 79 at 1. Accordingly, the Court denies as moot the Motion to Seal.

**CONCLUSION**

Transdev's Motion for Leave to File Amended Answer and Affirmative Defenses and Counterclaim is GRANTED. The parties are directed to FILE a proposed modified schedule by April 17, 2026, that sets out deadlines for conducting limited discovery on Transdev's affirmative defense and claim for reformation based on mutual mistake and briefing cross-motions for summary judgment.

WHC's Motion to File Under Seal Exhibit A to Its Opposition to Transdev's Motion for Leave is DENIED AS MOOT.

A separate implementing order follows.


Date: April 9, 2026                                    _____/s/_____
                                                       Chelsea J. Crawford
                                                       United States Magistrate Judge

12